IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVITAE CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>NATERA, INC.,<br><br>                Defendant. | C.A. No. 21-669-GBW |
| INVITAE CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>NATERA, INC.,<br><br>                Defendant. | C.A. No. 21-1635-GBW |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Invitae Corporation's ("Invitae" or "Plaintiff") Motion for Clarification and/or Reconsideration of the Court's Construction of "Sequence Reads" (C.A. No. 21-669, D.I. 98; C.A. No. 21-1635, D.I. 75, the "Motion"). For the reasons explained below, Invitae's Motion is DENIED.[1]

---

[1] Docket numbers identified herein refer to C.A. No. 21-669-GBW unless otherwise noted.

I.    **LEGAL STANDARDS**

Motions for reconsideration are governed by Delaware Local Rule 7.1.5. *See, e.g., Helios Software, LLC v. Awareness Techs., Inc.*, C.A. Nos. 11-1259-LPS & 12-081-LPS, 2014 WL 906346, at *1 (D. Del. Mar. 5, 2014). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotations and citation omitted). While the decision to grant a motion for reconsideration is within the discretion of the district court, *see Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990), such motions are "sparingly granted." D. Del. L.R. 7.1.5; *see also TQ Delta LLC v. Time Warner Cable Inc.*, C.A. No. 15-615-RGA, D.I. 540 (D. Del. Nov. 22, 2022). "These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN, 2019 WL 2745723, at *1 (D. Del. July 1, 2019) (citations omitted). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, C.A. No. 9-814-JJF, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009) (citation omitted). "A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice." *AgroFresh*, 2019 WL 2745723, at *1 (citing *Max's Seafood Café*, 176 F.3d at 677).

## II. DISCUSSION

On October 18, 2022, after having reviewed the parties' joint claim construction brief and hearing oral argument, the Court construed "sequence reads" to mean "raw reads as generated by the sequencing instrument." D.I. 84 at 8. Invitae now requests clarification and/or reconsideration of the Court's construction of the term "sequence reads." D.I. 98.

First, Invitae argues that the Court's Opinion about "sequence reads" is ambiguous. *Id.* at 5-6. The Court disagrees. The Court's Opinion about "sequence reads" is unambiguous. In its Opinion, the Court wrote, Defendant Natera, Inc. ("Natera") "asserts that the claim term 'sequence reads' do not include any pre-processing or pre-alignment steps performed between sequencing and the claimed manipulation of those reads. The Court agrees with Natera." D.I. 84 at 6 (internal citation omitted). Yet, Invitae argues clarification is warranted to clarify whether "the Court's construction of 'sequence reads' excludes pre-alignment." D.I. 98 at 5. In support of its Motion, Invitae cites to the Court's discussion regarding why it would not include the word "unaligned" in its construction. Invitae argues that "[g]iven that there is no basis in the intrinsic record to construe 'sequence reads' to refer solely to something that is 'unaligned,' Invitae understands that the Court's construction does not exclude pre-alignment." *Id.* at 8. Invitae's argument mischaracterizes the Court's Opinion. As correctly summarized by Natera:

> The Court made clear why it was omitting that word from Natera's proposed construction (while otherwise adopting that construction): the word "unaligned" does not itself appear in the written description, and the Court's opinion had already explained that the concept of no pre-alignment of the claimed sequence reads is inherent in the phrase "raw reads." [D.I. 84] at 6, 8. That "pre-aligned" reads are not "raw reads" and thus are excluded from the Court's construction of "sequence reads" is clear from the opinion itself.

D.I. 102 at 4-5. Thus, the Court's Opinion about "sequence reads" is unambiguous, and Invitae's motion for clarification is denied.

3

Second, Invitae argues a motion for reconsideration is warranted to correct clear errors of fact and law in the Court's Opinion about "sequence reads." D.I. 98.[2] The Court disagrees. Invitae's Motion improperly rehashes arguments that were before the Court during the *Markman* hearing. *Compare* D.I. 72 at 10-27, *with* D.I. 98 at 6-10. "Reconsideration should not be granted where it would merely accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991) (citation omitted). Thus, Invitae's Motion has failed to meet its burden to demonstrate a clear error of law or fact in the Court's reasoning.

### III. CONCLUSION

For the foregoing reasons, the Court denies Invitae's Motion.

***

WHEREFORE, at Wilmington this 14th day of June, 2023, **IT IS HEREBY ORDERED** that:

1. Invitae's Motion for Clarification and/or Reconsideration of the Court's Construction of "Sequence Reads" (C.A. No. 21-669, D.I. 98; C.A. No. 21-1635, D.I. 75) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[2] Invitae does not argue that there has been an intervening change in law or that new evidence is available. *See generally* D.I. 98.