# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORATORY CORPORATION OF AMERICA HOLDINGS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 21-669 (GBW) |
| NATERA, INC. | ) ) | **FILED UNDER SEAL** |
| Defendant. | ) ) | |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 21-1635 (GBW) |
| NATERA, INC. | ) ) | **FILED UNDER SEAL** |
| Defendant. | ) ) | |

## [PROPOSED] JOINT PRETRIAL ORDER

On September 3, 2025, counsel for Plaintiff Laboratory Corporation of America Holdings ("Labcorp") and Defendant Natera, Inc. ("Natera") will participate in a Pretrial Conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, D. Del. LR 16.3, the Amended Scheduling Order, dated April 20, 2023 (D.I. 166 in 21-669-GBW; D.I. 142 in 21-1635-GBW), and the Amended Scheduling Order (D.I. 286 in 21-669-GBW; D.I. 262 in 21-1635-GBW).

Pursuant to D. Del. LR 16.3(c), the parties hereby submit for the Court's approval this Joint Pretrial Order ("Order") governing trial of the actions, which is currently scheduled to commence on September 8, 2025.

# TABLE OF CONTENTS

**Page**

I.      NATURE OF ACTION AND PLEADINGS ....................................................................1

    A.    Plaintiff ...........................................................................................................1

    B.    Defendant ........................................................................................................1

    C.    Pleadings and Orders ......................................................................................2

    D.    Claim Construction .........................................................................................3

II.     JURISDICTION ......................................................................................................5

III.    STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF..............................5

IV.     STATEMENT OF ISSUES OF FACT TO BE LITIGATED AT TRIAL ........................6

V.      STATEMENT OF ISSUES OF LAW TO BE LITIGATED AT TRIAL .........................6

VI.     WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION ............................6

    A.    Lists of Trial Witnesses ..................................................................................6

    B.    Agreements Concerning Trial Witnesses ........................................................7

    C.    Lists of Deposition Designations ....................................................................9

    D.    Agreements Concerning Deposition Designations ..........................................9

VII.    EXHIBIT LISTS ....................................................................................................13

    A.    Lists of Trial Exhibits ...................................................................................13

    B.    Agreements Concerning Trial Exhibits ........................................................14

    C.    Demonstrative Exhibits.................................................................................18

        1.    Openings ............................................................................................18

        2.    Closings.............................................................................................20

        3.    Demonstratives to Be Used with Witnesses. ..............................20

    D.    Party Lists for Disclosures of Information, Demonstratives, and Exhibits. ..........22

VIII.   BRIEF STATEMENT OF INTENDED PROOFS ..........................................................22

i

IX.    STATEMENT OF ADDITIONAL MATTERS .................................................................22

X.    MOTIONS *IN LIMINE* ...........................................................................................22

XI.    OTHER ISSUES .......................................................................................................23

    A.    Pending Motions ..............................................................................................23

    B.    Injunction Issues ..............................................................................................23

    C.    Order of Proof ..................................................................................................23

    D.    Damages ...........................................................................................................24

XII.    AMENDMENT OF THE PLEADINGS ......................................................................24

XIII.    LENGTH OF TRIAL ................................................................................................24

XIV.    CERTIFICATION REGARDING ATTEMPTED RESOLUTION OF CASE ...............25

XV.    ORDER TO CONTROL COURSE OF ACTION .........................................................25

# INDEX OF EXHIBITS

**STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF**
Joint                    Exhibit 1

**STATEMENT OF ISSUES OF FACT TO BE LITIGATED AT TRIAL**
Plaintiff                Exhibit 2
Defendant                Exhibit 3

**STATEMENT OF ISSUES OF LAW TO BE LITIGATED AT TRIAL**
Plaintiff                Exhibit 4
Defendant                Exhibit 5

**WITNESSES**
Plaintiff                Exhibit 6
Defendant                Exhibit 7

**DEPOSITION DESIGNATIONS**
Plaintiff                Exhibit 8
Defendant                Exhibit 9

**EXHIBIT LISTS**
Plaintiff                Exhibit 10
Defendant                Exhibit 11

**JOINT TRIAL EXHIBIT LIST**
Joint                    Exhibit 12

**BRIEF STATEMENT OF INTENDED PROOFS**
Plaintiff                Exhibit 13
Defendant                Exhibit 14

**STATEMENT OF ADDITIONAL MATTERS**
Plaintiff                Exhibit 15
Defendant                Exhibit 16

**EXPERT *CURRICULA VITAE***

Plaintiff                Exhibit 17
Defendant                Exhibit 18

**MOTIONS *IN LIMINE* ("MILs")**

Plaintiff                Exhibit 19
Defendant                Exhibit 20

I.     **NATURE OF ACTION AND PLEADINGS**

1.     The above-captioned cases are coordinated actions for alleged patent infringement in which Plaintiff Laboratory Corporation of America Holdings ("Labcorp" or "Plaintiff") asserts that Defendant Natera, Inc. ("Natera" or "Defendant") infringes U.S. Patent Nos. 10,604,799 ("the '799 Patent"), 11,149,308 ("the '308 Patent"), and 11,155,863 ("the '863 Patent") (collectively "Asserted Patents" or "Patents-in-Suit"). Labcorp asserts the following claims of the Asserted Patents: claims 1–13, 15, and 16 of the '799 Patent; claims 1, 4–9, 12, 15–27 of the '308 Patent; and claims 1–13 and 15–18 of the '863 Patent (collectively, the "Asserted Claims").  Natera disputes that it infringes the Asserted Patents and asserts that the Asserted Patents are invalid.

A.     **Plaintiff**

2.     Plaintiff Labcorp Corporation of America Holdings is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1400 16th Street, San Francisco, California 94103.

3.     Labcorp's predecessor in interest, Invitae Corporation ("Invitae"), was the sole owner of, and holder of all substantial rights in, the Asserted Patents at the time it filed the complaints for patent infringement in this case.  Subsequently, Labcorp acquired all substantial rights in the Asserted Patents and now has sole ownership of the Asserted Patents.

B.     **Defendant**

4.     Defendant Natera, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 201 Industrial Road, San Carlos, California 94070.

1

C.    **Pleadings and Orders**

5.    Invitae initiated suit against Natera on May 7, 2021, when Invitae filed a complaint asserting infringement of the '799 Patent.  *See* D.I. 1.[1]  This action was assigned Civil Action No. 21-669-GBW (the "669 Action").

6.    On June 30, 2021, before Invitae brought the action asserting the '308 and '863 Patents, Natera filed a motion to dismiss under Federal Rule of Civil Procedure 12(b) for failure to state a claim on the basis that the Asserted Claims of the '799 Patent covered patent-ineligible abstract ideas and were therefore unpatentable under 35 U.S.C. § 101.  *See* D.I. 8, 9.  On November 30, 2021, the Court issued an order denying Natera's motion.  *See* D.I. 28.

7.    On December 22, 2021, Natera filed an answer to Invitae's complaint in the 669 Action, denied that Invitae is entitled to any relief, and asserted affirmative defenses of non-infringement and invalidity.  *See* D.I. 31.

8.    On November 21, 2021, Invitae filed a complaint against Natera in a separate case asserting infringement of the '308 and '863 Patents.  *See* D.I. 1 (21-1635-GBW).  This action was assigned Civil Action No. 21-1635-GBW (the "1635 Action").

9.    On December 22, 2021, Natera filed an answer to Invitae's complaint in the 1635 Action, denied that Invitae is entitled to any relief, and asserted affirmative defenses of non-infringement and invalidity.  *See* D.I. 8 (21-1635-GBW).

10.    On April 21, 2025, the Court ordered the substitution of Labcorp for Invitae.

11.    In both Actions, Labcorp's complaints alleged patent infringement based on Natera performing within the United States without authority the Signatera test.

---

[1] Unless specified, the D.I. citations refer to the docket entries in the 669 Action.

12.     In both Actions, Labcorp sought (1) a judgment of infringement of the Asserted Claims of Asserted Patents; (2) an order enjoining Natera and its directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from further alleged infringement of the Asserted Claims of the Asserted Patents; (3) damages or other monetary relief together with interest; (4) a determination that the case is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285; (5) costs and expenses in the case; and (6) other and further relief as the Court deems just and appropriate.

13.     In both Actions, Natera's answers denied that Labcorp is entitled to any relief and asserted defenses of non-infringement and invalidity of the Asserted Patents, and further sought a determination that the case is an exceptional case and an award of attorneys' fees and costs.

14.     On September 29, 2023, Natera filed its motions to Exclude under *Daubert* Expert Testimony that Fails to Apply the Court's Claim Construction. *See* D.I. 214.  On June 5, 2025, the Court denied the motion.  *See* D.I. 294.

15.     On September 29, 2023, Natera filed its motion to Exclude under *Daubert* Certain Opinions by Mr. Clemons and Dr. Krane Regarding Invitae's Damages.  *See* D.I. 216.  On June 13, 2025, the Court granted-in-part and denied-in-part the motion.  *See* D.I. 295.

16.     On September 29, 2023, Labcorp filed its motion for Summary Judgment and to Exclude Expert Testimony. *See* D.I. 210.  On June 26, 2025, the Court denied-in-part the motion. *See* D.I. 296.  On August 14, 2025, the Court denied Labcorp's motion for summary judgment. *See* D.I. 312-313.

**D.     Claim Construction**

17.     The Court held a claim construction hearing on October 4, 2022.  On October 18, 2022, the Court issued a Memorandum Opinion and an Order adopting the parties' agreed-upon

3

construction of the term "genotyping" and construing disputed terms: (1) "sequence reads"; (2) "a plurality of sequence reads," "the plurality of sequence reads," and "the sequence reads"; (3) "said plurality of sequence reads" and "the plurality of sequence reads"; (4) "contig:reference descriptions of mutations" and "contig-to-reference descriptions of mutations"; (5) "reference alignment(s)"; (6) "read:contig descriptions" and "read-to-contig descriptions"; (7) "sequence read alignments"; (8) "read:reference descriptions" and "read-to-reference descriptions"; and (9) "combining the contig:reference descriptions with the read:contig descriptions" and "combining the reference alignment and the sequence read alignments."  D.I. 84, 85.  The Court construed the terms as follows:

| Claim Term | Court's Construction |
|---|---|
| "sequence reads" | raw reads as generated by the sequencing instrument |
| "a plurality of sequence reads" ('799 Patent)<br><br>"the plurality of sequence reads" ('863 Patent)<br><br>"the sequence reads" ('308 Patent) | "sequence reads" to be defined as above, no other construction necessary |
| "said plurality of sequence reads" ('799 Patent)<br><br>"the plurality of sequence reads" ('799 Patent) | "sequence reads" to be defined as above, no other construction necessary |
| "contig:reference descriptions of mutations" ('799 Patent)<br><br>"contig-to-reference descriptions of mutations ('863 Patent) | a description of a mutation in a contig as it exists in the nucleic acid with reference to the genome |
| "reference alignment(s)" ('308 Patent) | placement in a reference genome |
| "read:contig descriptions" ('799 Patent)<br><br>"read-to-contig descriptions" ('863 Patent) | a description of a sequence read with reference to a contig |

4

| | |
|---|---|
| "sequence read alignments" ('308 Patent) | placements of sequence reads |
| "read:reference descriptions" ('799 Patent)<br><br>"read-to-reference descriptions" ('863 Patent) | description of a sequence read with reference to the reference genome |
| "combining the contig:reference descriptions with the read:contig descriptions" ('799 Patent)<br><br>"combining the reference alignment and the sequence read alignment" ('308 Patent) | No construction necessary. Plain and ordinary meaning. |

18.    On November 1, 2022, Invitae moved the Court to clarify and/or reconsider its construction of "sequence reads."  D.I. 98.  On June 14, 2023, the Court denied Invitae's motion. D.I. 184 at 3.

19.    The parties also agreed that the term "genotyping" in the '308 Patent claims should be construed to mean "assigning a genotype to."

## II.    JURISDICTION

20.    This action arises out of the patent laws of the United States, Title 35, United States Code.

21.    The jurisdiction of this Court is not disputed. Subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22.    Venue for this action is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). No party contests venue.

## III.    STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF

23.    The parties' statement of uncontested facts is set forth in **Exhibit 1**. These uncontested facts require no proof at trial and will become part of the evidentiary record in this action.

## IV.    STATEMENT OF ISSUES OF FACT TO BE LITIGATED AT TRIAL

24.    Labcorp's statement of issues of fact that remain to be litigated is set forth in **Exhibit 2**.

25.    Natera's statement of issues of fact that remain to be litigated is set forth in **Exhibit 3**.

26.    If any statement in a party's statement of issues of fact that remain to be litigated should properly be considered an issue of law, then such statement shall be considered as an issue of law.

## V.    STATEMENT OF ISSUES OF LAW TO BE LITIGATED AT TRIAL

27.    Labcorp's statement of issues of law that remain to be litigated is set forth in **Exhibit 4**.

28.    Natera's statement of issues of law that remain to be litigated is set forth in **Exhibit 5**.

29.    If any statement in a party's statement of issues of law that remain to be litigated should properly be considered an issue of fact, then such statement shall be considered as an issue of fact.

## VI.    WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

### A.    Lists of Trial Witnesses

30.    Labcorp's good faith list of the witnesses that it currently intends to call at trial, either live or by deposition, is attached as **Exhibit 6**.

31.    Natera's good faith list of the witnesses that it currently intends to call at trial, either live or by deposition, is attached as **Exhibit 7**.

32.     Any witness not listed in the exhibits referenced above will be precluded from testifying absent good cause shown.

33.     The listing of a witness on the exhibits referenced above does not require that party to call that witness to testify and does not necessarily mean that the listing party has the power to compel the live testimony of that witness.

34.     The exhibits referenced above represent the parties' good faith understanding and expectation about which witnesses are expected to be called at trial live or by deposition.  To the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial, each party reserves the right to call that witness by deposition to the extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence and subject to resolution of objections by the other party.

**B.**     **Agreements Concerning Trial Witnesses**

35.     **Procedures for Disclosing Final Live-Witness List**:

a.     **Disclosure**:  By 12:00 p.m. ET on August 20, 2025, the parties will identify by email to the other side the **final** list of the witnesses to be called live identified in Exhibits 6 and 7 above, understanding that either party reserves the right not to call a witness live as the trial develops and/or in response to Court rulings.

b.     **Objections**:  By 12:00 p.m. ET on August 22, 2025, the parties shall identify any objections they have to the other side's list of witnesses to be called live at trial.

c.     **Dispute Resolution**:  By 6:00 p.m. ET on August 25, 2025, the parties shall meet and confer to resolve any objections to the other side's list of witnesses to be

called live.  Any disputes that cannot be resolved shall be raised with the Court during the Pretrial Conference on September 3, 2025.

36.     **Procedures for Disclosing Witnesses In Advance of Testimony**

a.     **Disclosure:** By 7:00 p.m. ET two (2) calendar days before each trial day, the parties will provide to the other side the names of the witnesses they intend to call live on direct examination that trial day and the order in which the witnesses are expected to be called.

b.     **Objections:** Objections shall be provided by 8:30 p.m. ET one (1) calendar day before a witness is expected to be called.

c.     **Dispute Resolution:** The parties shall meet and confer to resolve any objections by 9:30 p.m. ET one (1) calendar day before a witness is expected to testify.  Any objections that cannot be resolved may be raised with the Court according to the Court's trial procedures.

37.     If later events at trial cause the need to remove, reorder, or withdraw a witness from a party's witness list, the parties agree to notify the other party in good faith as soon as possible, provided, however, that if a party removes, reorders, or withdraws a witness, the opposing party may still assert prejudice due to such a change and may seek relief from the Court.

38.     Fact witnesses to be called to testify in person shall be sequestered and may not be present in the courtroom during other witness testimony or review the transcripts of the trial testimony of other witnesses until after they provide their live testimony and have been excused. This provision does not apply to one designated corporate representative for each side or to expert

8

witnesses, all of whom will be permitted to attend the entire trial and/or review transcripts of trial testimony.

39.    Pursuant to D. Del. LR 43.1, once direct examination of a witness is concluded and until cross examination of that witness is concluded, counsel offering the witness on direct examination shall not:

(a) Consult or confer with the witness regarding the substance of the witness's testimony already given or anticipated to be given, except for the purpose of conferring on whether to assert a privilege against testifying or on how to comply with a court order; or

(b) Suggest to the witness the manner in which any questions should be answered.

### C.    Lists of Deposition Designations

40.    Labcorp's list of deposition designations, Natera's objections to Labcorp's designations, Natera's counter-designations, and Labcorp's objections to Natera's counter-designations, are attached as **Exhibit 8**.

41.    Natera's list of deposition designations, Labcorp's objections to Natera's designations, Labcorp's counter-designations, and Natera's objections to Labcorp's counter-designations, are attached as **Exhibit 9**.

42.    Once so designated, either party may use such designated testimony at trial, subject to objections, regardless of the party who originally designated the testimony or whether designated as affirmative or counter-designation.

### D.    Agreements Concerning Deposition Designations

43.    **Disclosure**:  The parties shall disclose a list of any witness they intend to call by deposition, including the particular designated deposition testimony by page and line number, the

9

manner in which the deposition will be used, either by video or reading the transcript into the record, and any exhibits that will be offered into evidence through the testimony by 7:00 p.m. ET three (3) calendar days before such testimony and exhibits will be offered.  This disclosure shall use the template set forth in Judge Williams' Trial Procedures, which shall be substantially in the form of the following table:

| [[Witness Name]] [[Deposition Date]] [[By Video/By Reading]] | | | | | |
|---|---|---|---|---|---|
| Deposition Designation | Objection | Response | Counter-Designation | Objection | Response |
|  |  |  |  |  |  |

44.  **Objections and Counters**:

a.  The receiving party shall identify to the offering party, using the table above, any objections to the testimony or exhibits, and any counter-designations they seek to use, by 7:00 p.m. ET two (2) calendar days before the offering party's intended use of such testimony and exhibits.

b.  The offering party shall then provide any objections to the receiving party's counter-designations by 8:30 p.m. ET on the same day (two (2) calendar days before use) using the same table set forth above.

45.  **Meet and Confer**:  The parties shall meet and confer by 9:30 p.m. ET on the same day (two (2) calendar days before use) to resolve any objections.

46.  **Dispute Resolution**:

a.  By 11:30 p.m. ET on the same day (two (2) calendar days before the offering party's intended use of such deposition testimony and exhibits), the parties shall provide to the other side an identification of the objections they intend to maintain using the table set forth

10

above, with the parties' objections being limited one sentence per objected-to designation or counter-designation.

b.   By 8:30 p.m. ET one (1) calendar day before the offering party's intended use of the deposition designation testimony, the party offering the deposition designation or counter-designation testimony may then provide, using the same table, a response to each objection, such response being limited to one sentence.

c.   The party objecting to the deposition designation or counter-designation testimony **shall not** be permitted to revise their position statement in light of the offering party's response.

d.   By 6:00 a.m. ET on the calendar day on which the affirmative deposition designation testimony is intended to be used, the party offering that affirmative deposition designation testimony shall, in accordance with Judge Williams' Trial Procedures, email to the Court the table prepared by the parties and the corresponding transcripts with the disputed passages highlighted.

e.   By 8:15 a.m. ET that same day, the offering party shall provide the Court with two (2) courtesy hard copies of the disputed deposition designations and exhibits.

47.   Deposition designations or counter-designations must be either read in court on the record or played by video in order to be admitted into evidence.  The parties agree that any exhibits expressly referenced in deposition testimony that is read or played to the jury are admissible unless they have been objected to.

48.   When deposition designation excerpts are introduced, all admissible deposition counter-designation excerpts will be offered in the same format as the affirmative designations,

11

either by video or by transcript, and will be introduced simultaneously in the sequence in which the testimony was originally given.  All irrelevant and redundant material, and all colloquies between counsel, objections, and pauses shall be eliminated when the deposition is read or played at trial, unless there is good cause for the inclusion of such material.  If by video, the deposition video shall include subtitles of the testimony at the bottom of the screen that matches the witness's testimony.

49.    The parties will be charged for time according to the following proportions: each side shall be charged only with the time needed to read or play its own designations or counter-designations, and will not be charged with the time necessary to read or play the other side's designations or counter-designations. The parties shall provide the Court with a per-side breakdown of the testimony presented to the jury by deposition designations.

50.    The party calling the witness by deposition shall be responsible for editing the deposition transcript or video as stipulated herein and to provide a final version of the transcript or video to the other party no later than 9:30 p.m. ET one (1) calendar day before the deposition testimony is expected to be played, or state in writing that the deposition will be read into the record.

51.    For those witnesses whose depositions will be played or read, the parties shall be permitted to make brief transition statements that are solely limited to introducing the witnesses by name, position or title, and/or the company with which he or she is associated, the time for which shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties.  Counsel shall not be permitted to argue or comment on the evidence or testimony or otherwise characterize or summarize the substance of the testimony to be used.

52.     If a party decides to read or play some but less than all of the designated testimony the party identified in Exhibits 8 or 9, the opposing party may use such dropped testimony as counter-designations to the extent the usage of such testimony in such manner is otherwise consistent with Federal Rule of Evidence 106, Federal Rule of Civil Procedure 32, and any other applicable Federal Rule of Evidence or Rule of Civil Procedure.

53.     **Use of Depositions for Impeachment**:   The above procedures in ¶¶ 48-54 regarding deposition designations do not apply to portions of deposition transcripts and/or video of a witness used to impeach a witness who is testifying live. A party shall not, during the examination of a live witness, read or play or otherwise use any portion of that witness's prior deposition testimony except as proper impeachment to the extent inconsistent with the witness's live testimony.

## VII.   EXHIBIT LISTS

### A.     Lists of Trial Exhibits

54.     Labcorp's list of exhibits it intends to offer at trial, except demonstrative exhibits and exhibits used solely for impeachment, is attached as **Exhibit 10**.[2]

55.     Natera's list of exhibits they intend to offer at trial, except demonstrative exhibits and exhibits used solely for impeachment, is attached as **Exhibit 11**.

56.     The parties' joint exhibit list is attached as **Exhibit 12**. The inclusion of an exhibit on the joint exhibit list does not waive any objection that a party may have to the use or proffer of the exhibit by the other party. The listing of a document on a party's exhibit list or the joint exhibit

---

[2] Pursuant to the parties' Joint Stipulation and Proposed Order, D.I. 278, so ordered by the Court on January 2, 2024, the parties have agreed to defer exchanging objections to trial exhibits until such exhibits are disclosed in accordance with the procedures set forth below in Section VII.B.

list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.

57.     The parties will offer as exhibits at trial one or more exhibits set forth on their respective exhibit list or the joint exhibit list. These lists include the exhibit number to be used at trial and a description sufficient to identify the exhibit, e.g., by production number, deposition exhibit number, or otherwise. A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

58.     On or before the first day of trial, Natera and Defendants will jointly deliver to the Courtroom Deputy a completed AO Form 187 exhibit list of the joint exhibits and each parties' exhibits and witness list that includes the witnesses for each party.

### B.    Agreements Concerning Trial Exhibits

59.     The exhibit prefixes shall be: "JTX" for exhibits on the Joint Exhibit List; "PTX" for exhibits on Labcorp's Exhibit List; and "DTX" for exhibits on Natera's exhibit list. The page numbering shall begin at 1 for the first page of each exhibit and the numbering on each page should include the trial exhibit number and the physical page number separated by a decimal. For example, page 10 of Joint Exhibit 1 would be endorsed / paginated as "JTX0001.010."

60.     Absent agreement of the parties or order of the Court, no exhibit will be admitted unless offered into evidence through a witness (fact or expert), including through deposition, who must at least be shown the exhibit.

61.     **Disclosure**:  Each party will provide by e-mail to opposing counsel a list, separately for each witness, of all exhibits (by exhibit number), including any Rule 1006 exhibits, a party intends to use in direct examination of a non-adverse witness by 7:00 p.m. ET one (1) calendar day before they will be used at trial. For example, a listing of all exhibits intended for use during

direct examination of a witness on Monday, May 8, 2023, would be identified by e-mail before 7:00 p.m. on Sunday, May 7, 2023.

62. **Objections**: The party receiving identification of exhibits intended for use in direct examination of witnesses shall inform the party identifying the exhibits of any objections by 8:30 p.m. ET the same calendar day.  Objections are to be set forth in the form of the following table, in accordance with Judge Williams' Trial Procedures, and shall not exceed one sentence per objection:

| [[Witness Name]] | | |
|---|---|---|
| Exhibit Number | Objection | Response |
| | | |

63. **Meet and Confer**:  The parties shall meet and confer by 9:30 p.m. ET the same calendar day to resolve such objections.

64. **Dispute Resolution**:  By 11:30 p.m. ET on the same calendar day, the party who disclosed the exhibits shall provide any responses to the receiving party's objections, such responses not exceeding one sentence per exhibit and set forth in the table containing the receiving party's objections.  The parties **shall not** thereafter alter or amend their objections and responses. By 6:00 a.m. ET on the calendar day on which the offering party intends to use the exhibits, that party shall, in accordance with Judge Williams' Trial Procedures, email to the Court the table prepared by the parties and the disputed exhibits.  By 8:15 a.m. ET the calendar day on which the offering party intends to use the exhibits, the offering party shall provide the Court with two (2) courtesy copies of the disputed exhibits.

15

65.    The parties agree that there may be circumstances at trial where a party may need additional time to submit rebuttal witness exhibits on direct examination or objections thereto or to prepare for a meet and confer conference.  The parties agree to amend these deadlines as needed, and any amendment shall not be unreasonably withheld, if a good-faith basis for extending the deadline comes up.

66.    Prior to the start of direct examination of a witness, the party conducting the direct examination will provide the other party with two (2) copies of binders containing all exhibits and demonstrative exhibits that they intend to use with that witness on direct examination and will provide all required copies to the Court. The parties agree that this provision does not require advance disclosure of exhibits to be used to impeach or on cross-examination of any witness. However, prior to the start of the cross-examination of any witness, the parties agree to provide the witness a copy and the other side with two (2) copies of binders that contain all of the exhibits expected to be used on cross-examination (other than for impeachment) of that witness and will provide all required copies to the Court.  If a witness on cross-examination is held over at the end of a trial day, the other party may retain copies of the binders but may not show them to the witness or discuss the contents of the binders, or any other matters relating to this case, with the witness.

67.    Each party reserves the right to use exhibits from the other party's trial exhibit list, even if not separately listed on its own exhibit list. However, recognizing that a party has a right to object to use of its own listed exhibits by the other side, the parties have agreed that all such objections are preserved and need not be disclosed in advance of trial.

68.    The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

69.    A party may not introduce at trial any exhibit not appearing on Exhibits 10, 11, or 12 of this [Proposed] Joint Pretrial Order. Exhibits used solely for impeachment, if not appearing on Exhibits 10, 11, or 12 of this [Proposed] Joint Pretrial Order, shall not be admissible unless good cause is shown.

70.    The parties agree that any exhibit identified on a party's exhibit list and not objected to is deemed to be admissible and may be entered into evidence by the party, subject to any objections as to the relevance of the exhibit to the manner in which it is being used at trial, and further provided that nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case.

71.    Legible copies of documents may be offered and received into evidence to the same extent as the original.

72.    The parties agree that, to the extent source code is admitted into evidence, it may be offered and admitted as a native file, i.e., a printout with the identification of line numbers included—e.g., as it would appear if viewed in the program Notepad++.

73.    The parties agree that the following categories of documents shall be deemed *prima facie* authentic, subject to all other objections regarding admissibility: All responses to Interrogatories and Requests for Admission; all pleadings; all infringement and invalidity contentions; and Certified copies of United States patents, patent applications, and patent application file histories.

17

74.     Any trial exhibit that was produced in discovery by a party or by a non-party pursuant to a subpoena issued in the above-captioned actions and that on its face or by its metadata appears to have been authored by an employee, officer, or agent of the party that produced such document, will be deemed to be an authentic, true and correct copy of a document maintained in that producing party's files as of the date of the party's document collection under Federal Rule of Evidence 901. No foundation need be laid for the authenticity of such documents at trial. For clarity, this provision does not obviate the need to otherwise lay the proper foundation for admissibility of a document (e.g., overcoming a hearsay objection) or of testimony about that document (e.g., relevance or personal knowledge of a fact witness). The parties reserve the right to object to the introduction into evidence of the documents and files referenced in this provision (in whole or in part) on all other grounds.

**C.     Demonstrative Exhibits**

75.     LabCorp's demonstratives will be identified with PDX numbers.

76.     Natera's demonstratives will be identified with DDX numbers.

77.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. For video or animations, the party seeking to use the demonstrative will provide it to the other side in an appropriate electronic format to view the video or animation. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

**1.     Openings**

78.     **Disclosure**:    The parties shall exchange complete representations of any demonstrative exhibits or trial exhibits (in color if in color, and with animations, if applicable) that they intend to use in opening statements no later than 2:00 p.m. ET one (1) calendar day before

18

opening statements are to be given.  This paragraph shall not apply to non-argumentative ballooning, excerpting, enlargement, or highlighting of a portion of a trial exhibit that was otherwise properly disclosed; however, if any such slides include a narrative or argumentative title, then such slides shall be disclosed as set forth above.

79.  **Objections**:  The parties shall exchange any objections to opening statement demonstrative exhibits and trial exhibits by 5:00 p.m. ET on the calendar day the other side's demonstrative exhibits and trial exhibits are received.  Objections shall be provided substantially in the form of the table below, in accordance with Judge Williams' Trial Procedures, and shall not exceed one sentence per slide or trial exhibit.

| [[Labcorp's/Natera's Opening Demonstratives]] | | |
|---|---|---|
| Slide Number | Objection | Response |
|  |  |  |

| [[Labcorp's/Natera's Exhibits to Be Used with Opening Statements]] | | |
|---|---|---|
| Exhibit Number | Objection | Response |
|  |  |  |

80.  **Meet and Confer**:  The parties shall meet and confer by 6:30 p.m. ET on the same night to resolve any objections.

81.  **Dispute Resolution**:  By 8:30 p.m. ET on the same night, the party offering the demonstratives or trial exhibits to which an objection was made and was not resolved shall provide their responses to the objections in the table discussed above, such responses not exceeding one

sentence per slide or per trial exhibit.  The parties **shall not** thereafter alter or amend their objections and responses in the above-mentioned table.  By 6:00 a.m. ET on the calendar day on which the demonstratives or trial exhibits will be used in, the offering party shall, in accordance with Judge Williams' Trial Procedures, email to the Court the table prepared by the parties and the disputed slides and disputed trial exhibits.  By 8:15 a.m. ET that same calendar day, the offering party shall provide the Court with two (2) courtesy copies of the disputed demonstratives or trial exhibits.

82.     The parties agree that any changes to these materials made after 7:00 p.m. ET on the evening before opening statements are to be given shall be wholly non-substantive in nature (e.g., changing font, layout, format, or pure typographical errors) unless made in response to and for the purpose of resolving an objection, in which case the offering party shall disclose the revised materials to the objecting party as soon as possible that evening.

### 2.    Closings

83.     The parties agree that demonstratives need not be exchanged for closing statements, provided that all demonstratives refer only to documents and testimony that have been received in evidence.

### 3.    Demonstratives to Be Used with Witnesses.

84.     **Disclosure**:   The parties shall exchange complete representations of any demonstrative exhibits (in color if in color, and with animations, if applicable) that they intend to use during the direct examination of a witness, including any witness called in rebuttal of the other party's witnesses, no later than 7:00 p.m. ET the night before they will be used in Court.  This paragraph shall not apply to non-argumentative ballooning, excerpting, enlargement, or highlighting of a portion of a trial exhibit that was otherwise properly disclosed, to demonstratives

20

created entirely during testimony or otherwise live at trial, or to demonstrative exhibits to be used for cross-examination; however, if any such slides include a narrative or argumentative title, then such slides shall be disclosed as set forth above.

85.    **Objections**:  The parties shall exchange any objections thereto by 8:30 p.m. ET on the same night.  Objections shall be provided substantially in the form of the table below, in accordance with Judge Williams' Trial Procedures, and shall not exceed one sentence per slide.

| [[Demonstratives to Be Used with [witness name]]] | | |
|---|---|---|
| Slide Number | Objection | Response |
| | | |

86.    **Meet and Confer**:  The parties shall meet and confer by 9:30 p.m. ET on the same night to resolve any objections to demonstrative exhibits.

87.    **Dispute Resolution**:  By 11:30 p.m. ET on the same night, the party offering the demonstratives shall provide their responses to the objections in the table discussed above, such responses not exceeding one sentence per slide or per demonstrative.  The parties **shall not** thereafter alter or amend their objections and responses in the above-mentioned table.  By 6:00 a.m. ET on the calendar day on which the demonstratives will be used in, the offering party shall, in accordance with Judge Williams' Trial Procedures, email to the Court the table prepared by the parties and the disputed slides.  By 8:15 a.m. ET that same calendar day, the offering party shall provide the Court with two (2) courtesy copies of the disputed demonstratives.

88.     The parties need not exchange in advance of their use any demonstrative exhibits that are created during testimony or demonstratives that are used solely on cross-examination with a witness.

### D.      **Party Lists for Disclosures of Information, Demonstratives, and Exhibits.**

89.     Disclosure of the information, exhibits, and demonstratives discussed above shall be directed to the following via electronic mail:

| Counsel for Labcorp: | Counsel for Natera: |
|---|---|
| LabCorp_Natera@jonesday.com | natera-invitae@groombridgewu.com |
| mailto:bfarnan@farnanlaw.com | dfahnestock@morrisnichols.com |
| mfarnan@farnanlaw.com | kjacobs@morrisnichols.com |

## VIII.   BRIEF STATEMENT OF INTENDED PROOFS

90.     Labcorp's brief statement of intended proofs is set forth in **Exhibit 13**.

91.     Natera's brief statement of intended proofs is set forth in **Exhibit 14**.

## IX.    STATEMENT OF ADDITIONAL MATTERS

92.     Labcorp's statement of additional matters is set forth in **Exhibit 15**.

93.     Natera's statement of additional matters is set forth in **Exhibit 16**.

## X.     MOTIONS *IN LIMINE*

94.     Labcorp's motions *in limine* is set forth in **Exhibit 17**.

95.     Natera's motions *in limine* is set forth in **Exhibit 18**.

## XI.  OTHER ISSUES

### A.  Pending Motions

96.    On September 29, 2023, Labcorp filed its motions for Summary Judgment and to Exclude Expert Testimony. *See* D.I. 210–213.  On October 20, 2023, Natera filed its opposition and accompanying materials. *See* D.I. 242–245.  On November 13, 2023, Labcorp filed its reply and accompanying materials. *See* D.I. 261, 263, 265.  The Court has denied Labcorp's motion for summary judgment and Labcorp's *Daubert* motion regarding Drs. Metzker and Albert.  *See supra* ¶ 17.  The Court has not yet ruled on Labcorp's *Daubert* motion pertaining to Dr. Mody.  *See* D.I. 296 at 2 n.2).

97.    On September 29, 2023, Natera filed its motions for Summary Judgment and to Exclude Expert Testimony. *See* D.I. 214–227.  On October 20, 2023, Labcorp filed its opposition and accompanying materials. *See* D.I. 246–250.  On November 13, 2023, Natera filed its reply and accompanying materials. *See* D.I. 260, 262, 264, 266, 267.  The Court has not yet ruled on Natera's motions for summary judgment.

### B.  Injunction Issues

98.    While disagreeing about and preserving all rights regarding whether Labcorp would be entitled to injunctive relief, the parties propose that, if Labcorp prevails at trial and seeks injunctive relief, a separate bench trial or hearing be held on Labcorp's request for injunctive relief.

### C.  Order of Proof

99.    The Parties continue to discuss the Order of Proof and will submit their joint proposal or competing proposals in advance of the Pretrial Conference.

100.   The parties wish to discuss with the Court how it would like to handle limited confidential information, including confidential information of third parties.

23

### D.    Damages

101.    Labcorp has agreed that it seeks lost profits only for the period beginning on March 13, 2021 through November 21, 2023.

102.    In the event that Natera is found liable for damages to Labcorp, Natera agrees to a true-up mechanism for sales of Natera's Signatera product to reconcile the sales between the financials presented at trial and the verdict, to the extent relevant.

## XII.    <u>AMENDMENT OF THE PLEADINGS</u>

103.    The parties reserve the right to request amendment to the pleadings.

## XIII.    <u>LENGTH OF TRIAL</u>

104.    Trial will commence on September 8, 2025. The parties currently anticipate it will take approximately five (5) trial days, with approximately six (6) hours of trial time per day, to try the case.  Considering the foregoing and the nature and extent of the parties' disputes, the parties request a total of 30 hours for their trial presentation, allocated as 15 hours per side.

105.    The trial will be timed.  Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examination of a witness it calls (including by designation), cross-examination of witnesses called by the opposing party (including by designation), closing statement, its argument on any motion for judgment as a matter of law, and all sides' arguments on objections the party raises (outside the presence of the jury) to another party's exhibits and demonstrative exhibits.

106.    The Courtroom Deputy will keep a running total of trial time used by counsel. If a party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

107.    A party shall notify the other side by 7:30 p.m. the night before that it intends to rest its case-in-chief or rebuttal case.

## XIV.  **CERTIFICATION REGARDING ATTEMPTED RESOLUTION OF CASE**

108.    The parties certify that they have engaged in good faith efforts to explore resolution of this case by settlement. The parties remain interested in an amicable resolution. To date however, no agreement has been reached between the parties.

## XV.  **ORDER TO CONTROL COURSE OF ACTION**

109.    This Order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice or for good cause shown.

110.    The parties reserve their respective rights to propose modifications to this Order, including the exhibits thereto, based on subsequent rulings of the Court or for other good cause.

Dated: August 20, 2025

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Laboratory Corporation of America Holdings*

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Derek J. Fahnestock
Karen Jacobs (#2881)
Brian P. Egan (#6227)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
began@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Defendant Natera, Inc.*

SO ORDERED this ___ day of _____, 2025.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

26