MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

KAREN JACOBS
(302) 351-9227
kjacobs@morrisnichols.com

September 5, 2025

The Honorable Gregory B. Williams  *VIA ELECTRONIC FILING*
United States District Court
 for the District of Delaware  **REDACTED - PUBLIC VERSION**
844 North King Street
Wilmington, DE 19801

Re: *Laboratory Corporation of America Holdings v. Natera, Inc.*
C.A. No. 21-669 (GBW) (D. Del.)

Dear Judge Williams:

The infringement allegations in this case are narrow: the software that Labcorp alleges infringes the three asserted patents is third-party software Natera licenses and is used in only one step of Natera's Signatera™ test. Yet Labcorp seeks outsized damages untethered to any alleged contribution of the patented method and, further, wants to rely on Signatera to make a case for secondary considerations of non-obviousness. Natera is entitled to put on evidence that Natera's development of Signatera—across the many **other** steps of the test—was laborious and ground-breaking, resulting in numerous patents. That evidence is relevant to at least apportionment and secondary considerations of non-obviousness.

Labcorp's request to exclude that evidence is an untimely fourth motion in limine, in violation of the Court's Scheduling Order and pre-trial procedures. It should therefore be rejected out of hand. And Labcorp fails to cite any actual Federal Rule of Evidence that would supposedly be violated by the introduction of the disputed evidence. But Labcorp's letter speaks in the language of Rule 403 and cites cases that applied Rule 403, consistent with Labcorp's counsel's arguments during the parties' meet-and-confers. Labcorp is thus not arguing the evidence is irrelevant; its argument is only that the relevance of the evidence is outweighed by supposed unfair prejudice to Labcorp. That argument is wrong (as well as belated and procedurally improper). It ignores the prejudice to Natera of excluding this evidence and preventing Natera from rebutting Labcorp's inflated damages request and alleged nexus for secondary considerations. And it entirely ignores that the parties **already agreed** to a jury instruction informing the jury that Natera's patents are not relevant to non-infringement—a legal doctrine with which Natera fully intends to comply in its presentation of the evidence.

The Honorable Gregory B. Williams
September 5, 2025
Page 2

I.  **Evidence of Natera's Patents Is Relevant and Admissible**

As noted above, evidence concerning the fact that Natera has received patents on aspects of Signatera is relevant to Natera's independent development of Signatera. And, as discussed below, such evidence is also relevant to apportionment and as rebuttal to Labcorp's arguments concerning secondary considerations.

A.  ***Georgia-Pacific* Factors and Apportionment**

Labcorp does not challenge the settled law that evidence of the accused infringer's patents on the accused product is relevant to damages, including apportionment. For example, "where the infringed device was a portion, only, of defendant's machine, which embraced inventions covered by patents other than that for the infringement of which the suit was brought, in the absence of proof to show how much of that profit was due to such other patents, and how much was a manufacturer's profit, the complainant is entitled to nominal damages only." *Keystone Mfg. Co. v. Adams*, 151 U.S. 139, 147 (1894). Numerous cases have admitted evidence of the accused infringer's patents for that reason, *see, e.g.*, *Inline Plastics Corp. v. Lacerta Grp., LLC*, 97 F.4th 889, 902 (Fed. Cir. 2024) (affirming introduction of defendant's own patent as relevant to damages); *Hologic, Inc. v. Minerva Surgical, Inc.*, C.A. No. 15-1031, 2018 WL 3348998, at *5 (D. Del. July 9, 2018) ("Evidence of some of [defendant]'s patents . . . may also be relevant to damages under factors set out in *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, . . . i.e., to show portion of profits credited to the invention as opposed to non-patented elements or improvements added by [defendant]." (citations omitted)); *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, No. 2:07-CV-250, 2009 WL 8725107, at *8 (E.D. Tex. Oct. 8, 2009) ("[E]vidence of Defendant's development efforts and intellectual property, including patents, may be relevant to a reasonable royalty analysis." (citing *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)).[1]

Labcorp's argument is that Natera's expert, Dr. Mody, failed to preserve this opinion, alleging that "Natera's damages expert includes only one sentence about patents at page 28–36 . . . to support the idea that there are non-infringing alternatives." D.I. 341 at 1. The entire

---

[1] Labcorp's cases, by contrast, are inapposite. In *Prolitec* the court ruled that a defendant's own patents could not be introduced to support a doctrine of equivalents argument, which is not Natera's theory of relevance here. *Prolitec Inc. v. ScentAir Techs., LLC*, C.A. No. 20-984, 2024 WL 341342, at *9 (D. Del. Jan. 30, 2024). In *LoganTree* the court found that the defendant's expert failed to analyze how the evidence of the defendants' patent would affect the reasonable royalty analysis; that is not so here: Dr. Mody states that Natera's patents place a "cap" on royalties. *LoganTree LP v. Garmin Int'l, Inc.*, No. 17-1217-EFM, 2022 WL 6728014, at *2 (D. Kan. Oct. 11, 2022). Finally, the concerns raised by the courts in *SSI Technologies* and *Touchstream Technologies* about the confusion of infringement issues do not apply here because that is not the purpose of the evidence here and the parties have already agreed to a curative final instruction on this point. *SSI Techs., LLC v. Dongguan Zhengyang Elec. Mech. Ltd.*, C.A. No. 20-19, 2024 WL 4198629, at *2 (W.D. Wisc. Sept. 16, 2024); *Touchstream Techs., Inc. v. Charter Commc'ns, Inc.*, C.A. No. 23-59, 2025 WL 524289, at *2 (E.D. Tex. Feb. 18, 2025).

The Honorable Gregory B. Williams
September 5, 2025
Page 3

premise of Labcorp's argument—that Natera did not preserve this argument—is wrong. Dr. Mody stated, in discussing the *Georgia-Pacific* analysis, that "even without TNseq, Signatera would still . . . (5) have critical, non-accused portions of the workflow **covered by Natera patents**. D.I. 341, Ex. A (Mody Rebuttal Report) at ¶ 194 (emphasis added). Labcorp omits this. And Dr. Mody supported that opinion by relying on Natera's fact witnesses, documents generated by Natera in the ordinary course of business, and a conversation with one of Natera's technical experts. *Id.* n. 392. Notably, Labcorp fails to acknowledge that Natera's fact witnesses can also lay a foundation concerning Natera's patents—notwithstanding that this was explicitly discussed during meet and confer and at the Pretrial Conference. Ex. 1 (Sept. 3, 2025 Pretrial Conference Tr.) at 18:8-12, 21:2-6.

### B. Objective Indicia of Non-Obviousness

Evidence of the accused infringer's own patents is also relevant to secondary indicia of obviousness/non-obviousness. Labcorp announces (for the first time, including in the parties' meet-and-confer) that it "will not present a commercial success position so that issue is off the table." D.I. 341 at 3. But Labcorp still asserts that there are **other** objective indicia of non-obviousness, including long-felt unmet need and industry praise. Ex. 2 (Krane Rebuttal to Metzker) at ¶¶ 1332–34. Labcorp's expert Dr. Krane contends that there is a nexus between these other factors and the alleged inventions because the Asserted Patents cover "key features" of Signatera™. Ex. 2 at ¶ 1334. Proving nexus is Labcorp's burden, and controlling precedent—which Labcorp omits—makes clear that evidence of other patents covering the accused product is relevant to whether a sufficient nexus exists. *Fox Factory, Inc. v. SRAM, LLC*, 944 F.3d 1366, 1373 (Fed. Cir. 2019) ("A patent claim is not coextensive with a product that includes a 'critical' unclaimed feature that is claimed by a different patent and that materially impacts the product's functionality."). Indeed, in *Fox Factory* the court held that "because there are one or more features not claimed by the [asserted] patent that materially impact the functionality of the [accused] products," including a feature claimed in a different patent, nexus could not be presumed. *Id*. at 1376. Labcorp cites no authority and makes no arguments to the contrary.

### II. Labcorp Has Not Cited Any Unfair Prejudice, Ignores Unfair Prejudice to Natera from Exclusion of the Evidence, and Ignores the Parties' Stipulated Jury Instruction

Labcorp only vaguely references the unfair prejudice it purportedly would suffer in terms of juror confusion, while also failing to balance either the relevance of the evidence or the prejudice to Natera from the exclusion of evidence to rebut Labcorp's claims of damages and nexus. But to the extent juror confusion were a concern, Labcorp also omits entirely that the parties already negotiated a solution to this supposed problem. The parties' agreed-upon Final Jury Instruction No. 4.4 states that "[o]wnership of or a license to separate patents is not a defense to patent infringement. A party can still infringe patents asserted by another party, even if it has its own patents in this area." D.I. 328-1 at 31. That instruction mirrors one from the previous litigation between the parties. Ex. 3 (*ArcherDX* Jury Instructions) at 28. Natera will not argue or imply that its own patents mean Signatera™ cannot infringe the Asserted Patents. Indeed, Natera already agreed with Labcorp to tell the jury precisely that.

Respectfully,

*/s/ Karen Jacobs*

Karen Jacobs (#2881)

KJ/jmm
cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)