IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY CORPORATION OF AMERICA HOLDINGS, | |
| Plaintiff, | C.A. No. 21-669-GBW |
| v. | |
| NATERA, INC., | |
| Defendant. | |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, | |
| Plaintiff, | C.A. No. 21-1635-GBW |
| v. | |
| NATERA, INC., | |
| Defendant. | |

## **MEMORANDUM ORDER**

"In these two actions filed by [] Invitae Corporation ('Invitae') against Defendant Natera,

Inc. ('Natera'), [Plaintiff Laboratory Corporation of America Holdings ('Labcorp')] alleges

infringement of United States Patent Nos. 10,604,799 ("'799 patent'), 11,149,308 ("'308 patent'),

and 11,155,863 ("'863 patent')." *Invitae Corp. v. Natera, Inc.*, No. CV 21-1635-GBW, 2022 WL

10465138, at *1 (D. Del. Oct. 18, 2022).[1]

---

[1] In April 2025, Labcorp was "substituted for Invitae Corporation as Plaintiff pursuant to
Fed. R. Civ. P. 25(c)[.]" D.I. 269 ¶ 1.  Unless otherwise noted, references to docket cites refer to
C.A. No. 21-669.

Pending before the Court is Plaintiff's request to "exclude[]" "Natera's attempt to invoke its own patents at trial," D.I. 341 ("Motion") at 1,[2] which has been fully briefed (D.I. 341; D.I. 342).[3] *See* Transcript of September 3, 2025 Pretrial Conference ("PTC Tr.") at 13-21.

For the following reasons, the Court grants Plaintiff's Motion.

## I.    BACKGROUND

During the September 3, 2025 Pretrial Conference, Plaintiff contended "an issue [] came up regarding the introduction of patents by Natera." PTC Tr. at 13. Plaintiff "ask[ed] the Court not to permit [Natera] to vaguely refer to [its] patents covering Signatera." *Id.* at 15. Thus, the Court ordered briefing on the issue. *See id.* at 21 ("I'm going to reserve ruling on this, but what I'd like the parties to do [is] submit [] a three-page letter brief; starting with plaintiff, have your three-page letter brief filed by 5:00 p.m. on Thursday, and then for defendant to respond by 5:00 p.m. on Friday. . . . [D]efendant, in addition to responding to -- well, the contentions made by plaintiff, it would be helpful to see where [] -- your expert or experts previously relied on these patents that you're intending to rely upon. And understand that if I allow them to be referred to, [. . .] plaintiff is going to be allowed to [. . .] present evidence or question about patents that have been invalidated, etc.").

---

[2] The Court will treat Plaintiff's Motion as a motion *in limine*.

[3] Defendant attempts to use a footnote in its brief (D.I. 342 at 2 n.1) to advance substantive arguments. The Court will not consider that footnote, as "[a]rguments in footnotes are forfeited." *In Re Novartis Pharms. Corp. v. MSN Pharms. Inc.*, No. 20-MD-2930-RGA, 2024 WL 4723274, at *4 (D. Del. Nov. 8, 2024).

## II.   LEGAL STANDARD

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules."[4] "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial."[5]

"A motion *in limine* is a vehicle to exclude inadmissible or prejudicial evidence before it is offered at trial."[6] "A motion *in limine* is designed to 'narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'"[7] "A motion in limine is appropriate for 'evidentiary submissions that clearly ought not be presented . . . because they clearly would be inadmissible for any purpose.'"[8]

Although "[m]any motions *in limine* do require the court's disposition pretrial," *United States v. Adams*, 36 F.4th 137, 150 (3d Cir. 2022), "motions *in limine* often present issues for

---

[4] *Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) (nonprecedential) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)).

[5] *DNOW, L.P. v. Schramm, Inc.*, No. CV 17-1575, 2019 WL 13229219, at *1 (D. Del. May 17, 2019) (quoting *Ridolfi v. State Farm Mut. Auto. Ins. Co.*, No. CV 15-859, 2017 WL 3198006, at *2 (M.D. Pa. July 27, 2017)).

[6] *Novartis AG v. Actavis Elizabeth LLC*, No. CV 14-1487-LPS, 2017 WL 1398347, at *2 (D. Del. Apr. 17, 2017); *see Chervon (HK) Ltd. v. One World Techs., Inc.*, No. CV 19-1293-GBW, D.I. 521 at 2 (D. Del. Feb. 5, 2025).

[7] *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 2 (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)); *see* Fed. Judicial Ctr., *Patent Case Management Judicial Guide* § 7.5 (3d ed. 2016) ("Motions *in limine* provide the court with an opportunity to establish procedures and substantive limitations that will streamline the evidence, shorten the trial, and reduce jury confusion.").

[8] *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 2 (alterations in original) (quoting *Evolved Wireless, LLC v. Apple Inc.*, No. CV 15-542-JFB-SRF, 2019 WL 1100471, at *1 (D. Del. Mar. 7, 2019)); *see Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) ("Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds.").

which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, "[a] trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context."[9]

## III.    DISCUSSION

### A.    The Court Grants Plaintiff's Motion

According to Plaintiff, "Natera has stated [] that it will present only 'high-level evidence' that Natera has 'many patents that arise out of and cover Signatera,' but not 'evidence of individual patents by patent number.'" D.I. 341 at 2. Plaintiff contends that "Natera's attempt to invoke its own patents at trial is fraught and deserves to be excluded." *Id.* at 1. As explained below, the Court grant's Plaintiff's Motion.

Plaintiff contends that its Motion should be granted because (1) Defendant's damages expert (at most) glossed over Natera's patent portfolio, (2) "[v]ague oral testimony about patents that are not in evidence means that such patents cannot be valued, analyzed or debated without impeachment and will provoke side shows about unasserted infringer patents," and (3) "[t]he impermissible effect of such evidence is to wrongly imply that Natera is innovative on its own and so [it] is not infringing." *Id.* at 2.

Defendant disagrees. Defendant responds that it "is entitled to put on evidence that Natera's development of Signatera—across the many other steps of the test—was laborious and groundbreaking, resulting in numerous patents." D.I. 342 at 1 (emphasis removed).

As a matter of procedure, Defendant contends that Plaintiff's Motion "is an untimely fourth motion in limine, in violation of the Court's Scheduling Order and pre-trial procedures." *Id.*

---

[9] *DNOW*, 2019 WL 13229219, at *1 (quoting *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017)).

On the merits, Defendant contends that Plaintiff's Motion should be denied because (1) "evidence concerning the fact that Natera has received patents on aspects of Signatera is relevant to Natera's independent development of Signatera," *id.* at 2, and (2) "Labcorp has not cited any unfair prejudice, ignores unfair prejudice to Natera from exclusion of the evidence, and ignores the parties' stipulated jury instruction." *Id.* at 3 (capitalization and emphasis altered).

As an initial matter, the Court agrees with Defendant that Plaintiff's Motion is untimely. Plaintiff's "conduct smacks of a willful disregard of the [C]ourt's Scheduling Order." *Sheppard v. Glock, Inc.*, 176 F.R.D. 471, 476 (E.D. Pa. 1997), *aff'd*, 142 F.3d 429 (3d Cir. 1998). Although Plaintiff's "disregard of [] scheduling order deadline[s] is disconcerting,"[10] "this [C]ourt has discretion to consider untimely objections and motions."[11]  In this instance, in the interest of minimizing disputes that otherwise would have to be resolved during trial in accordance with Judge Williams' Trial Procedures, the Court will exercise its discretion and consider the merits of Plaintiff's Motion.

On the merits, Plaintiff's first contention raises "[t]he typical argument [] that there is no legitimate purpose for introducing [Defendant's] patents because they are not relevant to any disputed issue." Fed. Judicial Ctr., *Patent Case Management Judicial Guide* § 7.5.1.3 (3d ed. 2016). "Rule 401's basic standard of relevance is a liberal one." *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555, 568 (D. Del. 2011). Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without

---

[10] *First Guar. Bank v. Republic Bank, Inc.*, No. 116CV00150JNPCMR, 2021 WL 1338412, at *2 (D. Utah Apr. 9, 2021).

[11] *W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, No. 09-126-SLR, 2010 WL 181088, at *2 n.2 (D. Del. Jan. 19, 2010); *see Lavender v. Koenig*, No. CV 13-2042-LPS, 2015 WL 1284111, at *2 n.1 (D. Del. Mar. 19, 2015).

the evidence; and (b) the fact is of consequence in determining the action." *United States v. Desu*, 23 F.4th 224, 233 (3d Cir. 2022) (quoting Fed. R. Evid. 401).

At this stage, the Court finds that Defendant has overcome the "low threshold" of establishing that Natera's patent portfolio is relevant to Signatera.[12] Although "[t]he patent grant is not for the right to use the patented subject matter, but only for the right to exclude others from practice of the patented subject matter,"[13] "[i]f a company patents a way to do a task, then sells a product that does the task, it is *plausible* that the product implements the patent." *TexasLDPC Inc. v. Broadcom Inc.*, No. 1:18-CV-1966-SB, 2021 WL 1092578, at *1 (D. Del. Mar. 22, 2021). Thus, it is plausible that Natera's patent portfolio is relevant to apportionment and Signatera.[14]

---

[12] *United States v. Copple*, 24 F.3d 535, 545 (3d Cir. 1994); *see, e.g.*, *Sohnen v. Charter Commc'ns, Inc.*, No. 18-CV-6744, 2025 WL 25418, at *4 (E.D.N.Y. Jan. 3, 2025) ("[I]t is well-established that Rule 401's test for relevance is a 'low threshold, easily satisfied[.]'"); *Smith v. Ergo Sols., LLC*, No. CV 14-382 (JDB), 2019 WL 3068293, at *2 (D.D.C. July 12, 2019) ("To be relevant, evidence need not be dispositive; rather, it must merely cross the low threshold prescribed by Rule 401.") (quotation marks omitted); *Leinenweber v. DuPage Cnty.*, No. CV 8-3124, 2011 WL 612332, at *1 (N.D. Ill. Feb. 15, 2011) ("[T]he federal courts are unanimous in holding that the definition of relevant is expansive and inclusive, and that the standard for admissibility is very low.") (citations omitted).

[13] *Studiengesellschaft Kohle mbH v. N. Petrochemical Co.*, 784 F.2d 351, 357 (Fed. Cir. 1986).

[14] *See, e.g.*, *Cognipower LLC v. Fantasia Trading LLC*, No. CV 19-2293-JLH-SRF, 2025 WL 2300263, at *2 (D. Del. Aug. 8, 2025) ("Dr. McDuff . . . appropriately refers to Power Integrations' patents in support of his opinion that Plaintiff failed to apportion its asserted royalty rate to account for other technologies."); *Abbott Diabetes Care Inc. v. Dexcom, Inc.*, No. CV 21-977 (KAJ), D.I. 555 at 3-4 (D. Del. Nov. 9, 2023) ("The motion in limine is DENIED, however, insofar as Abbott wishes to exclude evidence of DexCom's patents, as they may be relevant to its willfulness defense and to demonstrate that DexCom's innovations drove demand for its products."); *AVM Techs., LLC v. Intel Corp.*, No. CV 15-33-RGA, 2017 WL 1787562, at *4 (D. Del. May 1, 2017) ("Plaintiff seeks to exclude the testimony of four of Defendant's experts about Intel's own patents. (D.I. 403 at 4). I decline to do so. The existence of these patents is relevant to the hypothetical negotiations and to the calculation of a reasonable royalty.").

In this instance, however, "the maximum reasonable probative force for the offered evidence" is scanty,[15] as Defendant has been scarce with details regarding the relationship between specific patents and Signatera. *See Oxygenator Water Techs., Inc. v. Tennant Co.*, No. 20-CV-00358 (KMM/DJF), 2024 WL 4732597, at *3 (D. Minn. Nov. 10, 2024) ("Tennant has not adequately explained why the ec-H2O's practice of any specific patent beyond those asserted in this case by OWT would affect the jury's calculation of damages, aside from the reality that the scrubbers at issue contain and rely on other important technology. Whether that technology also practices any Tennant patent adds very little to the apportionment discussion.").

Although "there is a strong presumption that relevant evidence should be admitted,"[16] pretrial "exclusion [under Rule 403] routinely occurs in patent cases." *Biogen Inc. v. Sandoz Inc.*, No. 22-1190-GBW, 2025 U.S. Dist. LEXIS 83708, at *10 (D. Del. May 1, 2025) (collecting cases).

As Plaintiff highlights, *see* D.I. 341 at 1, "[c]ourts have long recognized that the introduction of evidence of an accused infringer's own patent carries with it substantial risks, a consideration that has frequently led courts to exclude such evidence." *Prolitec Inc. v. ScentAir Techs., LLC.*, No. CV 20-984-WCB, 2024 WL 341342, at *9 (D. Del. Jan. 30, 2024). Nevertheless, such evidence is not always excluded under Rule 403. *See Cognipower*, 2025 WL 2300263, at *2 ("Dr. McDuff does not suggest that no damages are owed because Power Integrations has its own patents, (ii) he appropriately refers to Power Integrations' patents in support of his opinion that Plaintiff failed to apportion its asserted royalty rate to account for other

---

[15] *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 85 (3d Cir. 2019) (quoting *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1344 (3d Cir. 2002)).

[16] *GN Netcom*, 930 F.3d at 85 (quoting *Coleman*, 306 F.3d at 1343); *see Williams v. City of Philadelphia Off. of Sheriff*, No. CV 17-2697, 2023 WL 198586, at *3 (E.D. Pa. Jan. 15, 2023).

technologies, and (iii) the risk of jury confusion does not substantially outweigh the probative value of his opinion.").

In this instance, the Court finds that "'high-level evidence' that Natera has 'many patents that arise out of and cover Signatera,'" D.I. 341 at 2, has "probative value [that] is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In particular, "[s]uch evidence is not only of minimal relevance, . . . it risks significant waste of time and confusion of the issues before the jury, under [Rule] 403." *Oxygenator*, 2024 WL 4732597, at *3 ("Tennant may not introduce evidence or seek testimony that its products practice any specific Tennant-owned patent, nor may it inquire of Dr. Nantell as to why he failed to apportion specific value to any patent or patents that the ec-H2O products purportedly practice."); *see Malibu Boats, LLC v. Skier's Choice, Inc.*, No. 3:18-CV-00015, 2021 WL 1852085, at *1 (E.D. Tenn. May 6, 2021) ("Because the probative value is substantially outweighed by the potential for confusion and waste of time, Defendant will not be allowed to introduce testimony regarding its own patents."). "Introduction of that evidence would [] inject[] frolics and detours and would [] require[] introduction of counter-evidence, all likely to create side issues that would [] unduly distract[] the jury from the main issues." *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572-73 (Fed. Cir. 1986).

Thus, in this instance, Defendant "will not be permitted to argue or suggest that its accused products are covered by its own patents." *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, No. CV 16-284-LPS, 2019 WL 77046, at *1 (D. Del. Jan. 2, 2019).[17]

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion (D.I. 341).[18]

* * *

WHEREFORE, at Wilmington this 8th day of September 2025, **IT IS HEREBY ORDERED** that Plaintiff's Motion (D.I. 341) is **GRANTED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[17] Contrary to Defendant's assertion, the Court granting Plaintiff's Motion does not create "unfair prejudice to Natera." D.I. 342 at 3 (capitalization and emphasis altered). Assuming that Defendant has timely and adequately disclosed its contentions regarding Signatera, Defendant can discuss Signatera without proffering "'high-level evidence' that Natera has 'many patents that arise out of and cover Signatera'" (D.I. 341 at 2). *See Oxygenator*, 2024 WL 4732597, at *3 ("Tennant will be free to elicit testimony . . . that it engages in its own research and development that it utilizes in its own products, including the ec-H2O. Tennant may also introduce evidence that its ec-H2O products contain substantial technology other than that claimed by the patents in this case. And Tennant will be free to cross-examine OWT's damages expert regarding his apportionment of little value to the non-infringing technology in the ec-H2O products.").

[18] The Court's "[r]ulings on [the] motion[] *in limine* [is] by definition preliminary and [is] subject to change as the case unfolds." *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003). "At trial, the parties shall make timely objections as necessary and in accordance with Judge Williams' Trial Procedures, and at that time, the Court will determine whether to overrule or sustain the objection[s]." *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 27-28 (quotation marks omitted). The failure to do so may have consequences. *See, e.g.*, *United States v. Jones*, 566 F.3d 353, 362 (3d Cir. 2009) ("Where a court defers its decision on a motion *in limine* and the defendant fails to renew his objection during trial, the review is for plain error."); *Walden*, 126 F.3d at 518 ("If the district court makes only a tentative ruling on a motion *in limine* an objection or offer of proof at trial is not unnecessary or 'formal.'"); *Egenera, Inc. v. Cisco Sys., Inc.*, 141 F.4th 1350, 1366 (Fed. Cir. 2025) ("Many *in limine* orders, including those at issue here, are not self-enforcing; often a party must raise specific objections when it believes such orders are being violated at trial.").